AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jun 12, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
One (1) BLACK COLORED SAMSUNG CELLULAR TELEPHONE, MODEL: GALAXY S10 PLUS; IMEI: 357959101448344

Case No. 2:23-CM - 27

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Western___ District of ___Arkansas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Controlled Substance Offenses |
| 21 U.S.C. 846 | Controlled Substance Conspiracy |

The application is based on these facts:

See Attached Affidavit of DEA SA Matt Barden Jr.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW BARDEN  Digitally signed by MATTHEW BARDEN
Date: 2023.06.12 10:49:33 -05'00'

*Applicant's signature*

DEA SA Matt Barden Jr.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/12/23

*Judge's signature*

City and state: Fort Smith, Arkansas

Hon. Mark Ford, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

1. One (1) black colored Samsung cellular telephone, model: Galaxy S10 Plus; IMEI: 357959101448344 (**Cellular Telephone #1**).

The cellular telephone described in Attachment A is currently stored at the DEA Fort Smith, Arkansas, Post of Duty Office. This warrant authorizes the forensic examination of the described and photographed cellular telephones for the purpose of locating the electronically stored information described in Attachment B.



## ATTACHMENT B

1. All records on the device described in Attachment A that relate to violations of Title 21, United States Code, Section 841(a)(1) (Possess with Intent to Distribute Marijuana, Cocaine and Methamphetamine), and Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute Controlled Substances), involving KENYATTA KIRBY and CHRISTINE EMINHIZER, including:

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. All documents, including all temporary and permanent electronic files, records, and photographs (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which contain, attach, or describe a conspiracy to possess with intent to distribute a controlled substance or a conspiracy distribute a controlled substance, or the possession of a controlled substance or distribution of a controlled substance, as defined in 21 U.S.C. 841 and 846.

4. User-attribution data to include data that reveals who used or controlled each device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically-stored photographs and video, file structure and user-created documents, including metadata.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE (1) BLACK COLORED SAMSUNG CELLULAR TELEPHONE, MODEL: GALAXY S10 PLUS, IMEI: 357959101448344 | Case No. 2:23 CM -27<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Matthew Barden Jr., being first duly sworn, hereby depose and state as follows:

**A.   INTRODUCTION AND AGENT BACKGROUND**

1. Your affiant is a Special Agent with the United States Department of Justice, Drug Enforcement Administration ("DEA") and has been employed with the DEA since May, 2021. Your affiant is a criminal investigator for the United States within the meaning of Title 21, United States Code, Section 878, and therefore your affiant is empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 21 and Title 18. Accordingly, your affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. Your affiant began his career as a Special Agent with the DEA in September of 2021. Your affiant received sixteen weeks of training at the DEA Academy in Quantico, Virginia, where your affiant learned to identify various types of controlled substances by sight and odor; the way in which controlled substances are packaged, marketed, and consumed; drug testing; informant handling; evidence handling; search and seizure law; law involving conspiracy; and surveillance and investigation techniques.

3. Prior to being employed with the DEA, your affiant was employed with the Colorado Springs Police Department ("CSPD") since March, 2015. Your affiant was a Police Officer with the CSPD since September, 2015. During your affiant's employment with the CSPD, your affiant was assigned to the Patrol Division from September, 2015, to April, 2021. Your affiant was tasked with responding and investigating misdemeanor and felony crimes, to include misdemeanor and felony drug crimes. Your affiant was tasked with, but not limited to, conducting surveillance, preparing and executing search and arrest warrants, and analyzing and processing documentary and physical evidence.

**B. BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT**

4. This Affidavit is based on facts that I have learned from my own personal knowledge and on information provided to me by other law enforcement officials. Since this Affidavit is for the limited purpose of establishing probable cause to support a search warrant for One (1) black colored Samsung cellular telephone, model: Galaxy S10 Plus; IMEI: 357959101448344 (**Cellular Telephone #1**), it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and events described in this Affidavit.

5. Based upon my training and experience in drug trafficking investigations, I know that persons who engage in the trafficking of illegal narcotics often utilize cellular telephones to facilitate the purchase of, transportation of, and/or distribution of illegal narcotics. Drug traffickers frequently utilize cellular telephones to send and receive phone calls, text messages, and voice mails to and from their source(s) of supply and customers. In addition, they store contact information, e.g. telephone numbers, emails and addresses, for their source(s) of supply and customers in their cellular telephones. Drug traffickers also use cellular telephones to take and

send photographs of the drugs and drug proceeds gained from their drug trafficking activities. Thus, cellular telephones may retain names, text messages, voice mail messages, photographs, videos, contact numbers for/of others involved in the distribution of illegal narcotics, contact lists, and call log information, until manually deleted or deleted according to the cellular phone's settings. Furthermore, it has been my experience that drug traffickers utilize multiple cellular telephones to disguise criminal activity, and avoid detection from law enforcement, and utilize inexpensive pre-paid cellular telephones that requires no personal (subscriber) information upon activation. In my experience as an investigator, illegal drug traffickers typically will obtain and distribute controlled substances on a regular basis much as a distributor of a legitimate commodity would purchase stock for sale, and similarly, such drug traffickers will have an inventory which will fluctuate in size depending upon the demand for the product. Your affiant expects the drug trafficker to keep records of his/her illegal activities for a period extending beyond the time during which he/she actually possesses illegal controlled substances, in order that he/she can maintain contact with his/her criminal associates for future drug transactions, and so that he can have records of prior transactions for which he/she might still be owed money or might owe someone else money. Drug traffickers frequently use third parties to transport shipments of illegal drugs and cash proceeds from the sale of illegal drugs. These third parties use a variety of methods to transport shipments of illegal drugs and cash, including automobiles.

6.   This Affidavit is submitted to demonstrate probable cause exists to authorize a warrant to search one (1) cellular telephone, as described in more particular detail in Attachment A, for evidence of violations of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute Marijuana, Cocaine, and Fentanyl) and Title 21, United States Code, Section

846 (Conspiracy to Possess with Intent to Distribute Controlled Substance). There is probable cause to believe that the items to be seized described in Attachment B will constitute evidence of these criminal violations and will also lead to the identification of additional individuals who are engaged in the commission of these offenses.

### C.   FACTS AND CIRCUMSTANCES IN SUPPORT OF PROBABLE CAUSE

7.   On 08/27/21, at approximately 9:20 am, Arkansas State Police (ASP) Trooper Christopher Short was traveling eastbound on I-40, in Crawford County, Arkansas (AR), located inside of the Western District of Arkansas (WDAR). ASP Trooper Short observed a gray Cadillac Escalade, bearing Arizona license plate 1390R57, traveling east bound on I-40 in the number one (left) lane. ASP Trooper Short observed the gray Cadillac Escalade cross over the yellow line, onto the rumble strip.

8.   ASP Trooper Short activated his emergency lights and made a traffic stop on the gray Cadillac Escalade near the eastbound scales. ASP Trooper Short contacted the driver, who was identified as J Kenyatta KIRBY, and the front passenger, who was identified as Christine Lind EMINHIZER. ASP Trooper Short, upon contacting both parties, smelled the strong odor of marijuana coming from inside of the vehicle.

9.   ASP Trooper Short conducted a search of the vehicle and located approximately 66 pounds of marijuana, located in a black trash bag in the luggage compartment. Additionally, troopers discovered approximately 1 kilogram of cocaine, and approximately 1 kilogram of fentanyl pills, which were located in a backpack containing KIRBY's United States Passport. Troopers also located 5 handguns inside of the vehicle, which were inside of the luggage compartment.

10. KIRBY and EMINHIZER were arrested and transported to the 12th/21st Judicial Drug Task Force. 12th/21st JDTF Detective Lanny Reese brought KIRBY into his office, and began collecting preliminary information from KIRBY. While doing so, KIRBY stopped and stated "the smoke is mine" but that KIRBY did not know anything about the "rest of the stuff". Detective Reese asked EMINHIZER if she would like to speak with him. EMINHIZER in response stated, "It's all mine and I want an attorney". Detective Reese did not attempt any further questioning of either party.

11. When KIRBY and EMINHIZER were arrested four cellular telephones were taken as evidence from the traffic stop. These cell phones have been in continuous law enforcement custody since the date of the traffic stop. One of the cell phones taken from the traffic stop of KIRBY and EMINHIZER is described as being a black Samsung Galaxy S10 Plus, IMEI: 357959101448344.

### D.    SEARCH WARRANT

17. Based on the aforementioned, the United States has reasonable grounds to believe that the items described in Attachment A are relevant and material to the continuing criminal investigation of drug trafficking.

18. Based upon your Affiant's training, experience, and participation in this investigation, your Affiant respectfully submits the aforementioned facts to provide probable cause to believe that evidence of the crime and any other fruits and instrumentalities that appear to be used in furtherance of those crimes, are located within **Cellular Telephone #1** (further described in Attachment A). The United States seeks authority to search and seize evidence from **Cellular Telephone #1**, for evidence, fruits, or instrumentalities of violations of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute Marijuana, Cocaine, and Fentanyl),

and Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute Controlled Substances). Therefore, I respectfully request that the Court issue a search warrant for the items described in Attachment A to this Affidavit.

### E. PHONE TO BE SEARCHED

19. From training and by conducting drug trafficking investigations, I am aware that traffickers of illegal narcotics frequently utilize cellular telephones to facilitate the purchase, transportation, and/or distribution of illegal narcotics. Specifically, I am aware that drug traffickers sometimes utilize multiple cellular telephones to communicate with co-conspirators during the transport of illegal narcotics to avoid detection and to differentiate between types of transactions, end-user and sources of supply. Furthermore, cellular telephones frequently contain names, text messages, voice mail messages, photographs, videos, and contact numbers for/of others involved in the distribution of illegal narcotics.

20. Further, it is both my experience and the experience of other law enforcement officers I have spoken with, that a conspiracy to traffic narcotics generates various types of cellular telephone-related evidence. For example, the following types of evidence may be generated during the conspiracy: (1) telephone and direct contact numbers; (2) identifying information assigned to the device (including usernames, passwords and e-mail addresses); (3) call detail information (outgoing/incoming/missed calls); (4) internet protocol addresses accessed by the device or accessing the device; (5) stored photographs, videos and text messages; (6) stored electronic mail, including attachments, and voice messages and other recordings; (7) web browsing history and any stored web pages; (8) stored documents and other files; (9) stored geo-location information; and (10) data stored in any application.

21. Based upon my training and experience, I also know that members of Drug Trafficking Organizations, including dealers, often use mobile phones to communicate with their narcotics source of supply and delivery recipients. Drug distributors often use SMS text messaging to communicate arrival and departure times, meeting places, details about narcotics, and details about other co-conspirators involved in the distribution of narcotics. Your Affiant has also observed drug distributors who photograph large sums of U.S. Currency and/or narcotics, which are then stored on the mobile device.

22. Based upon my training and experience, my review of documents and other relevant information I believe to be reliable, discussions with other law enforcement officers and the facts supporting probable cause set as forth herein, I believe that evidence of the violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846 is presently located on or within the cellular telephone device, described in Attachment A.

## F. TECHNICAL TERMS

23. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending,

receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b.    Based on my training, experience, I know that the devices have capabilities that allow it to serve as a wireless telephone. I also know the device would allow to store text messages and digital images of, or related to, narcotics possession or distribution.

## G. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

25.    Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how the electronic device was used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a wireless telephone is evidence may depend on other information stored on the wireless telephone and the application of knowledge about how a wireless telephone operates. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on storage medium.

26. Nature of examination. Based on the foregoing, and consistent with Federal Rule of Criminal Procedure 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with this warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

27. Manner of execution. Because this warrant seeks only permission to examine a device that is already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Further your Affiant sayeth not.

MATTHEW BARDEN  Digitally signed by MATTHEW BARDEN
Date: 2023.06.12 10:50:10 -05'00'

Matthew Barden Jr, Special Agent
U.S. Drug Enforcement Administration

Sworn before me on this __12__ day of June, 2023.

Honorable Mark E. Ford
United States Magistrate Judge